## OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

Under the Constitution of the Commonwealth, where the Governor is given power to act "by and with the advice of the council" or "by and with the advice and consent of the council," the responsibility rests primarily on the Governor to determine whether any action is called for and what action, if any, is desirable, and the approval and concurrence of the Council are required only to complete an affirmative act.

Under Const. Mass. c. 2, § 1, art. 8, the Governor before denying a petition to pardon a person convicted of a crime or to commute his sentence is not required to submit the petition to the Council.

The commutation of a sentence is a pardon upon condition that the convict voluntarily submits to a lighter punishment.

AT a meeting of the Governor and Council held on May 25, 1906, the following order was passed, and on the same day was transmitted to the Justices of the Supreme Judicial Court:

Ordered, that the opinion of the Honorable Justices of the Supreme Judicial Court be requested in answer to the following question:

Is the Governor of the Commonwealth, upon presentation to him of a petition for the pardon of a person convicted of a crime and duly sentenced therefor, or for commutation of the sentence so imposed upon such person, required as a matter of law to

refer such petition to the Executive Council or to submit the same for the consideration of said Council?

On May 29, 1906, the Justices returned the following answer:

To his Excellency the Governor and the Honorable Council of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court have received from his Excellency the Governor and the Honorable Council, their order, as follows:

" Ordered, that the opinion of the Honorable Justices of the Supreme Judicial Court be requested in answer to the following question:

" Is the Governor of the Commonwealth, upon presentation to him of a petition for the pardon of a person convicted of a crime and duly sentenced therefor, or for commutation of the sentence so imposed upon such person, required as a matter of law to refer such petition to the Executive Council or to submit the same for the consideration of said Council? "

In reply to the question we respectfully submit the following opinion:

The provision of the Constitution under which this question arises is c. 2, § 1, art. 8 as follows: " The power of pardoning offences, except such as persons may be convicted of before the senate by an impeachment of the house, shall be in the governor, by and with the advice of council; but no charter of pardon, granted by the governor, with advice of the council before conviction, shall avail the party pleading the same, notwithstanding any general or particular expressions contained therein, descriptive of the offence or offences intended to be pardoned."

Chapter 2, § 3, art. 1 of the Constitution is in these words: " There shall be a council for advising the governor in the executive part of the government, to consist of nine persons [now changed by amendment to eight] besides the lieutenant-governor, whom the governor, for the time being, shall have full power and authority, from time to time, at his discretion, to assemble and call together; and the governor, with the said councillors, or five of them at least, shall and may, from time to time, hold and keep a council, for the ordering and directing

the affairs of the commonwealth, according to the laws of the land."

The Constitution recognizes two kinds of executive business which may come before the Council: one, that which is to be done by the Governor and Council acting together as an executive board, and the other, business to be done by the Governor, acting under the responsibility of his office as supreme executive magistrate, by and with the advice and consent of the Council. In the transaction of other kinds of executive business, doubtless the Governor may take the advice of the Council or not, as he chooses. We find examples of the first kind in numerous express provisions, some of which are as follows: Chapter 1, § 2, art. 3 declares that "the governor with five of the council, for the time being, shall, as soon as may be, examine the returned copies of such records," etc. Chapter 2, § 1, art. 4 has this language: "The governor shall have authority, from time to time, at his discretion, to assemble and call together the councillors of this commonwealth for the time being; and the governor with the said councillors, or five of them at least, shall, and may, from time to time, hold and keep a council, for the ordering and directing the affairs of the commonwealth, agreeably to the constitution and the laws of the land." In article twelve of the Amendments, now superseded, it is provided that "the governor and council shall ascertain and determine . . . the number of representatives, which each city, town and representative district is entitled to elect," etc. Under article thirteen of the Amendments, "the governor and council shall assign the number of senators to be chosen in each district, according to the number of inhabitants in the same." There is a similar provision for the apportionment of the number of representatives among the cities, towns and representative districts. In all these cases the Governor and Council are to act together as an executive body, and the Governor cannot lawfully act alone.

Examples of the second class, showing executive duties which primarily rest upon the Governor alone, the performance of which, when they result in affirmative action, requires the advice and consent of the Council in approval of the action, are found in different parts of the Constitution. One is in regard to the exercise of the power of pardon under the article first

quoted.    Another is in the next article, as follows: "All judicial officers . . . shall be nominated and appointed by the
governor, by and with the advice and consent of the council;
and every such nomination shall be made by the governor, and
made at least seven days prior to such appointment." So, under
articles 5 and 6 of the same section, the Governor with the
advice of Council may adjourn or prorogue the General Court
to any time the two houses desire ; or, in cases of disagreement
between the two houses, to such time, not exceeding ninety days,
"as he shall determine the public good shall require." There
is a like provision in article 11 of the same section, in regard
to signing warrants on which money is to be paid out of the
treasury of the Commonwealth, and in article 10 in regard to
the appointment of officers of the continental army.    Action of
the Governor with the advice and consent of the Council is also
provided for in articles four and twenty-five of the Amendments
to the Constitution.

    Chapter 2, § 3, art. 5 is as follows: "The resolutions and
advice of the council shall be recorded in a register, and signed
by the members present; and this record may be called for at
any time by either house of the legislature ; and any member of
the council may insert his opinion, contrary to the resolution of
the majority."

    As to this class of cases, where the Constitution declares that
the power to act is in the Governor, or that the act may be done
by the Governor, " by and with the advice of council," or " by
and with the advice and consent of the council," we are of opinion
that the responsibility rests primarily upon the Governor to determine, as the supreme executive magistrate, whether any action
is called for, and what action, if any, is desirable ; and that the
provision for advice of the Council is a requirement that their
approval and concurrence shall accompany the affirmative act
and enter into it before it becomes complete and effective.    We
do not think that these different phrases, used in different parts
of the Constitution, namely, " by and with the advice of council," "by and with the advice and consent of the council," "with
the advice and consent of the council," " with advice of council,"
and " with advice of the council," differ at all in legal effect.
They all recognize the fact that the act, first of all, and after-

wards for all time, is to be the act of the Governor. The only connection that the council can have with it is advisory. Whether the Governor takes advice or not, his conclusion must rest finally upon his own judgment. Inasmuch as the responsibility for his determination, with or without advice, must rest upon him, both in the beginning and forever after, the natural course of proceeding would seem to be that he should seek such aid as he might desire from any proper source, and not be obliged to ask advice, in the first instance, from an official body whose opinion could never relieve him from the duty of deciding.

Look at the appointment of judicial officers. They are to be "nominated and appointed by the governor, by and with the advice and consent of the council." The requirement that the nomination shall be at least seven days prior to the appointment secures for the Council time to consider whether to give their advice and consent. It cannot have been intended that the Governor, before determining upon a person to be appointed, should be obliged to take the advice of the Council; but plainly it was intended that before an act of appointment can become complete, the Council shall approve of it, and take affirmative action which fairly may be called advising it, as well as consenting to it. The words "advice and consent" are used together to denote a kind of participation. But they imply participation only in the particular affirmative act of the Governor, referred to in the provision. Unless the Governor first determines upon the act, there is no occasion for their participation by way of advice or consent.

So, as to pardons, "the power of pardoning offences . . . shall be in the governor." But this power can be exercised only "by and with the advice of council." If the Governor does not think it his duty to exercise it, he has no occasion to take the advice of the council. If he should consult them and they should unanimously advise him to pardon, it would not be his duty to act unless he himself should think that he ought to exercise his power. It was not intended that he should be obliged to bring before the Council an application for pardon when he was plainly of opinion that no pardon should be granted. Nothing could ever be gained by asking the Council to give advice under such conditions. The requirement that their advice shall always be

made a matter of record, open to either branch of the Legislature, does not indicate that they should necessarily be called upon, at the outset, to advise the Governor as to whom he should appoint to office, or what convicts he should pardon.

Of course, upon such questions, as well as upon others, the Governor may seek information and advice from any proper source. There may be cases in which an investigation by a committee of the Council may be suggested by the Governor, as a convenient mode of ascertaining facts. But we think it plain that, in determining in the first instance whether he ought to attempt to exercise the power of pardon, the Governor may choose his own method of reaching a conclusion, without submitting the matter to the Council.

That part of the question which relates to a petition for a commutation of a sentence is covered by what we have already said. The commutation of a sentence is a pardon upon condition that the convict voluntarily submits to a lighter punishment.

Mr. Justice Loring is absent from the Commonwealth, and has had no opportunity to consider the question.

MARCUS P. KNOWLTON.
JAMES M. MORTON.
JOHN LATHROP.
JOHN W. HAMMOND.
HENRY K. BRALEY.
HENRY N. SHELDON.