# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE GOVERNOR.

"The power of pardoning offences," which by Const. Mass. c. 2, § 1, art. 8, with the exception there stated, is given to the Governor by and with the advice of the Council, includes not only absolute release from the penalty imposed but also commutation of sentence and respite of sentence.

Under Const. Mass. c. 2, § 1, art. 8, the power to grant an absolute pardon or to commute a sentence can be exercised only by the concurrent action of the Governor and the Council.

The provision of R. L. c. 220, § 39, that a sentence of death shall be executed "within the week appointed by the court, unless the Governor pardons the crime, commutes the punishment therefor or respites the execution," although it makes no express reference to the Council, must be interpreted as referring to the power of pardon, commutation and respite as given by the Constitution, from which alone it can be derived. Otherwise the provision would be unconstitutional.

ON January 11, 1912, a letter from the Governor, containing the following questions, was transmitted to the Justices of the Supreme Judicial Court. On January 12, 1912, the Justices returned the answer which is subjoined.

The letter was as follows:

In relation to the death sentence imposed in the Phelps case, I feel it incumbent upon me to ask the Supreme Court of Massachusetts for a decision as to the responsibility of the Governor in cases involving the capital sentence.

Article eight, Section one, Chapter two, of the Constitution of Massachusetts, says that "the power of pardoning offences . . . shall be in the governor, by and with the advice of council."

From the existing statutes, I am unable to determine whether the commutation of a sentence is of the nature of a conditional pardon. I am also unable to determine whether in the event of either a pardon or a commutation of sentence, the Governor is

expected to obtain the consent as well as the advice of the Council.

In our Massachusetts reports No. 190, the court states in relation to the commutation of a sentence, as follows, —

" They all recognize the fact that the act, first of all, and afterwards for all time, is to be the act of the Governor. The only connection that the Council can have with it is advisory. Whether the Governor takes advice or not, his conclusion must rest finally upon his own judgment. Inasmuch as the responsibility for his determination, with or without advice, must rest upon him, both in the beginning and forever after, the natural course of proceeding would seem to be that he should seek such aid as he might desire from any proper source, and not be obliged to ask advice, in the first instance, from an official body whose opinion could never relieve him from the duty of deciding."

In view of these uncertainties, it appears to be my duty to ask the Supreme Court also whether the Governor himself has the right to commute a sentence, as from death to life imprisonment.

While the pending sentence of death in the Phelps case brings this matter to my earnest attention, my wish is, irrespective of any action which might result in this instance, to find out exactly what obligation rests upon the Governor under our Constitution and statutes in such instances.

To his Excellency
　　　Eugene N. Foss,
　　　　　Governor of the Commonwealth of Massachusetts :

The Justices of the Supreme Judicial Court, in reply to the questions presented to them, respectfully submit the following answers :

The power, duty and responsibility of the Governor respecting pardons is found in the Constitution of the Commonwealth. Article VIII, Section I, Chapter II of Part the Second provides that " The power of pardoning offences, except such as persons may be convicted of before the senate by an impeachment of the house, shall be in the governor, by and with the advice of council." The words " The power of pardoning offences " are

comprehensive. They include not only that absolute release from the penalty which is referred to commonly as a pardon, but those lesser exercises of clemency which are described as conditional pardon, commutation of sentence and respite of sentence. The only authority for the executive department of the government to mitigate or release from sentence for crime is this language of the Constitution. The Governor is clothed with authority to act in that respect only " by and with the advice of council." The unmistakable meaning of these words is that he can act only in conformity to the advice of the Council. He may decline to take action although the Council advise him to do so. Responsibility for granting a pardon rests upon the Governor and he cannot be compelled to take such action by the Council. The language quoted in your letter from the *Opinion of the Justices*, 190 Mass. 616, 619, 620, has reference to this aspect of the duty of the Governor. Equal responsibility rests upon the Council. The granting of a full or a partial pardon is the result of concurrent action by both the Governor and the Council. Neither alone can take effective action. Both must agree before the Constitution is satisfied.

The Governor is not required to ask the advice of the Council in forming his opinion. He may refuse to pardon without first referring the matter to the Council. But if he desires to grant a pardon, he must take the advice of the Council before undertaking to act. This is pointed out clearly in the *Opinion of the Justices*, 190 Mass. 616, 619, in these words : " The provision for advice of the Council is a requirement that their approval and concurrence shall accompany the affirmative act and enter into it before it becomes complete and effective." The power to pardon as vested in the Governor is not absolute but conditional, and that condition is that it shall be exercised in accordance with the advice of the Council. Such is the plain reading of the Constitution ; and so far as we know this always has been the practice.

The same principle applies whether the act be a complete or a modified pardon. A commutation of sentence, which is the substitution of a lighter for a more severe punishment, is an exercise of the pardoning power and must be in accordance with the Constitution. It is an act of the Governor which becomes

effective only when concurred in by the Council. See *Opinion of the Justices*, 14 Mass. 472.

Although no express reference is made to the Council in R. L. c. 220, § 39, which relates to the commutation of sentences, the statute must be read as subject to the provisions of the Constitution. Otherwise the statute would be unconstitutional. It cannot be assumed that the Legislature intended to confer upon the Governor a power which would be beyond its constitutional authority. The power of commutation of sentence, conditional pardon and respite of sentence referred to in this and other sections of the statute is not created by the statute but is derived wholly from the Constitution. The only right of the Legislature is to enact laws to render the exercise of the constitutional power efficient and convenient. *Kennedy's case*, 135 Mass. 48.

Mr. Justice Loring, being ill, has not considered these questions.

January 12, 1912.

ARTHUR P. RUGG.
JAMES M. MORTON.
JOHN W. HAMMOND.
HENRY K. BRALEY.
HENRY N. SHELDON.
CHARLES A. DECOURCY.