OPINION OF THE JUSTICES TO THE GOVERNOR AND COUNCIL.

Under St. 1909, c. 504, § 18, by which the trustees of a State institution covered by the provisions of that chapter are authorized to determine the salaries of all the officers of the institution, "subject to the approval of the Governor and Council," such approval must be given by the Governor and also by the Council, each acting independently of the other and not sitting together as a single executive board.

THE following communication from the Governor and Council was transmitted to the Justices of the Supreme Judicial Court on June 6, 1912. On June 21, 1912, the Justices returned the answer which is subjoined.

June 5, 1912.

To the Honorable Justices of the Supreme Court:

Under date of May 1, 1912, the Governor and Council propounded to you the following question: "When the law calls for action 'by the Governor and Council,' has the Governor to concur with a majority of the Council in order to make its decision effective, or is he to be considered a member of the deciding body with one vote?"

We have the honor to acknowledge receipt of your reply, in which you say: "It has been customary for the specific pending matter to be stated or referred to in the inquiry, to the end that a more intelligent and helpful answer be given than otherwise would be possible." You go on to say: "It is apparent that the requirement for such opinions is to be somewhat sparingly exercised" and you further say: "It is impossible to determine from your question whether the pending matter is of such a character that we ought to answer."

Under date of April 16, 1912, the trustees of the Westborough State Hospital voted to appoint a superintendent at a yearly salary of $4,000 and requested the approval of their action "by the Governor and Council."

Thereupon His Excellency held that, since he did not give his approval, a majority of the Councillors to the contrary could not prevail.

The salary in question is an advance upon the scale now in

force, and its approval might be expected in time to be followed by a large number of increases of salaries in State institutions that would be a material addition to the expenses of the Commonwealth.

The statutes provide that various administrative acts involving the expenditure of money must be approved "both by the Governor and Council."

We respectfully submit that it is important to determine how this approval may lawfully be given or withheld.

By order of the Executive Council.

To His Excellency the Governor and the Honorable Council of the Commonwealth of Massachusetts:

The substance of your question of June 5, 1912, a copy of which is hereto annexed, is whether an increase of the salary of the superintendent voted by the trustees of the Westborough State Hospital must be approved by the Governor and also approved by the Council in order to be effective.

The answer depends upon the true construction of the words "subject to the approval of the Governor and Council" found in St. 1909, c. 504, § 18, which authorizes the trustees of the hospital to determine the salary of the superintendent as well as all other officers, subject to such approval.

It was said in *Opinion of the Justices*, 190 Mass. 616, at 618, that "The Constitution recognizes two kinds of executive business which may come before the Council: one, that which is to be done by the Governor and Council acting together as an executive board, and the other, business to be done by the Governor, acting under the responsibility of his office as supreme executive magistrate, by and with the advice and consent of the Council."

Duties of the first class to be performed by the executive board are conferred in the Constitution often by the words "Governor and Council," or "the governor with five of the council," or other equivalent language. See Const. Mass. c. 1, § 3, art. 11; c. 2, § 4, art. 2; c. 3, art. 2, 5; c. 6, art. 1; Articles of Amendment, 12, 13. Those of the second class, where the initiative rests upon the Governor and the connection of the Council is advisory, are described frequently by the words "Governor by and with the advice and

consent of the Council," or a similar phrase of like meaning. c. 1, § 1, art. 4; c. 2, § 1, art. 5, 6, 8–11. Articles of Amendment, 4, 17, 25, 37.

When an act of the Legislature imposing duties upon the Governor and Council is to be interpreted, the question is which kind of action is required.

The substance of the subject matter to be acted on is of greater significance than nicety of verbal construction in determining the intent of the Legislature. The power ultimately to fix the salaries of the officers and employees of the various public institutions is important in its bearing upon the finances of the Commonwealth. It affects or may affect the general State tax to an appreciable extent. The Constitution creates the Governor the "supreme executive magistrate," and by two separate articles clothes him with individual responsibility touching the finances. In c. 1, § 1, art. 4, it is provided that the receipts from taxes and excises shall be "issued and disposed of by warrant, under the hand of the governor . . . with the advice and consent of the council," while in c. 2, § 1, art. 11, is this language: "No moneys shall be issued out of the treasury of this Commonwealth . . . but by warrant under the hand of the Governor for the time being, with the advice and consent of the Council." As chief executive he is answerable in a general sense for the administration of government. These articles of the Constitution impose upon him a particular duty respecting the finances of the Commonwealth. Although under our Constitution he is only a part of the executive department, he is styled the "supreme executive magistrate." c. 2, § 1, art. 1.

Under that portion of our Frame of Government which creates a chief executive, it is a fundamental conception that he may be held by the people to some degree of direct accountability for the disposition of the public revenue. All public funds come directly or indirectly from taxation. The expenditure of public money is of direct interest to all the people. Respecting all appropriations made by the legislative department of government the Governor may be held answerable on account either of his approval or of his veto.

Many statutes have been enacted which fix salaries of public officers or employees. The Governor for the time being may be held to a certain responsibility for these by reason of his duty of

approval or disapproval. It would seem an incongruity to hold that the shifting of such responsibility from the Governor as an integral part of the executive department to an executive board of which he is one with eight others, was wrought without plain language expressive of such intent.

The words "Governor and Council" when used respecting many matters, indicate the single executive board composed of the Governor and the councillors. *Sparhawk* v. *Sparhawk*, 116 Mass. 315, 317. But as employed in the statute now under consideration touching the creation of that which may become in the nature of a fixed charge against the treasury of the Commonwealth, we incline to the view that they require separate approval by the Governor and also by the Council. Each must act independently of the other, and both must concur to effect the increase in salary.

ARTHUR P. RUGG.

JAMES M. MORTON.

JOHN W. HAMMOND.

WILLIAM CALEB LORING.

HENRY K. BRALEY.

HENRY N. SHELDON.

CHARLES A. DECOURCY.