FRANCIS JUGGINS *vs.* EXECUTIVE COUNCIL & another.

Suffolk.    October 18, 1926. — November 10, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Governor. Council. Pardon. Respite. Insane Person.*

The provision of c. 2, § 1, art. 8, of the Constitution of the Commonwealth governs the construction of G. L. c. 279, § 48, and therefore the Executive Council, with respect to a petition for a respite of sentence of death imposed upon one whom the petitioner alleges to be insane, has no

power of initiative, either alone or jointly with the Governor; and, upon the Governor's denying the petition, the Council is without authority to consider it.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on August 10, 1926, and afterwards amended, alleging that a petition under G. L. c. 279, § 48, for respite of the sentence of John J. Devereaux, convicted of murder in the first degree and sentenced to die during the week of August 8, 1926, had been addressed to the Governor and Council; that the Governor had denied the petition without action thereon by the Council; that the Council had refused to consider it; and that it was the duty of the Governor and the Council jointly "to consider and act upon petitions for respite in capital cases where the defendant has become insane."

The prayer of the petition was merely "that an order of notice issue to the respondents to appear and file answer showing cause why a writ of mandamus should not issue, and for such other relief as the premises may require."

The petition was heard by *Braley*, J., who refused to rule "that as a matter of law a writ of mandamus should issue," and ordered the petition dismissed. The petitioner alleged exceptions.

*F. Juggins*, pro se.

*J. H. Devlin*, Assistant Attorney General, for the respondents.

RUGG, C.J.    This is a petition for a writ of mandamus. The relevant facts are that one Devereaux was duly convicted of murder in the first degree, sentenced to death, and the week was appointed within which the sentence should be executed. A petition was filed with His Excellency, the Governor of the Commonwealth, addressed to the Governor and the Governor's Council, alleging that Devereaux had become insane and praying that the execution of the sentence be respited in order to afford opportunity for investigation of the facts, for pardon and for respite until it appears to their satisfaction that the convict is no longer insane. The Governor refused to grant the petition or to submit it to the Council. The present petition alleges that Devereaux is

still insane. The petitioner asked the court to rule as matter of law that the writ of mandamus should issue. Exception to the denial of this ruling presents the single question for decision.

By the Constitution of Massachusetts the "power of pardoning offences . . . shall be in the governor, by and with the advice of council . . . ." Chapter 2, § 1, art. 8. This is the only warrant in the Constitution enabling the executive department of government to mitigate or remit sentences imposed by the courts as penalty for crime. The words, "The power of pardoning offences," used in the Constitution, are of wide import. They comprehend not only the absolute release from the penalty imposed by the judicial department, but the exercise of all degrees of lesser clemency, such as remission of a part of the sentence, conditional pardon, commutation of sentence, and respite of sentence. They contain the grant of authority and establish the bounds limiting its exercise. The grant of authority and limitation of its exercise are not derived from legislation. They come directly from the sovereign power and are expressed in the great charter of government. It "is quite clear that, under any pretence of regulating its exercise, the executive authority could not be deprived of its constitutional rights in relation thereto, but provision may be made by legislation, which shall render the exercise of such a power convenient and efficient." *Kennedy's Case,* 135 Mass. 48, 51. *Opinion of the Justices,* 210 Mass. 609, 612.

The words of the Constitution to the effect that "The power of pardoning offences . . . shall be in the governor, by and with the advice of council," mean that the initial responsibility is vested in the Governor. The duty of making the preliminary determination rests primarily upon the Governor alone. He decides whether any action ought to be taken in the premises and what action, if any, is demanded by the public welfare. This conclusion follows from the words which repose in the Governor, and in the Governor alone, the power of pardon. The words following this grant of power, viz., "by and with the advice of council," show that the function of the Council is purely advisory after

affirmative action has been decided upon by the supreme executive magistrate. The Council does not have the power of initiative, either alone or conjointly with the Governor. The approval of the Council must follow after and accompany the affirmative act of the Governor "and enter into it before it becomes complete and effective." These words of the Constitution heretofore quoted from c. 2, § 1, art. 8, "recognize the fact that the act, first of all, and afterwards for all time, is the act of the Governor. The only connection that the Council can have with it is advisory. Whether the Governor takes advice or not, his conclusion must rest finally upon his own judgment. Inasmuch as the responsibility for his determination, with or without advice, must rest upon him, both in the beginning and forever after, the natural course of proceeding would seem to be that he would seek such aid as he might desire from any proper source, and not be obliged to ask advice, in the first instance, from an official body whose opinion could never relieve him from the duty of deciding." *Opinion of the Justices,* 190 Mass. 616, 619, 620. *Opinion of the Justices,* 210 Mass. 609. This statement from an advisory opinion is now after renewed consideration adopted as authoritative. *Inspector of Buildings of Lowell* v. *Stoklosa,* 250 Mass. 52, 59.

This being the nature of the pardoning power as set forth in the Constitution, both as to its scope and the method of its exercise, it remains to consider the meaning and effect of G. L. c. 279, § 48, upon which the petitioner relies. The relevant words of that section are, "If it appears to the satisfaction of the Governor and Council that a convict under sentence of death has become insane, the Governor, with the advice and consent of the Council, may, from time to time for stated periods, respite the execution of said sentence." Since this section relates to the pardoning power, it must be construed, so far as practicable, to be in harmony with the Constitutional provisions touching that power. A statute must be interpreted, "if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." *United States* v. *Jin Fuey Moy,* 241 U. S. 394, 401. *Kennedy* v. *Commissioner of Corpora-*

*tions & Taxation,* 256 Mass. 426, 430, and cases there collected. Reading the words of this section in the light of the words of the Constitution touching the power of pardon, it is clear that there is no attempt on the part of the General Court to deprive the Governor of his initial and primary duty to make the first determination respecting the exercise of the pardoning power, or to compel him to share that duty with the Council, or to create in the Council a mandatory obligation to join contemporaneously with the Governor in that first determination, or to require of the Council anything more than to act on the question, whether its advice and consent shall be given, subsequent to the time when the Governor has made a preliminary and favorable determination in the premises. The "satisfaction of the Governor and Council," as these words are used in the statute, mean a satisfaction which must come to each in connection with the respective powers conferred upon each by the Constitution exercised in the way and in the sequence of events therein pointed out. The dominating words of said § 48 are, "the Governor, with the advice and consent of the Council, may . . . respite the execution of said sentence." These words follow in substance the decisive words of the Constitution. The words of the section which precede are ancillary and subsidiary to these dominating words and are to be interpreted as indicating a state of mind each must have before reaching a favorable affirmative conclusion in performance of the duties arising under the Constitution, and not as attempting to establish a mode of procedure or to regulate the order of action.

It follows that the request for a ruling that as matter of law the writ should issue was denied rightly. It is unnecessary to consider other objections urged against the issuance of the writ.

*Petition dismissed.*