## HOWARD H. MURPHY *vs.* WILLIAM CASEY.

Suffolk.    November 9, 1937. — May 24, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, QUA, DOLAN, & COX, JJ

*Public Officer. Governor. Executive Council. Words,* "Advice and consent."

A removal of a public officer by the Governor with the advice and consent of the Council under G. L. (Ter. Ed.) c. 30, § 9, was valid without the officer being given an opportunity for a hearing by the Council.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on May 11, 1937, for a writ of mandamus.

The petition was dismissed by *Field*, J.

The case was argued at the bar in November, 1937, before *Donahue, Lummus, Qua, & Dolan,* JJ., and afterwards was submitted on briefs to all the Justices.

*F. X. Hurley,* for the petitioner.

*J. J. Ronan,* Assistant Attorney General, for the respondent.

DONAHUE, J. The petitioner, who on December 23, 1935, was appointed commissioner of agriculture by the Governor with the advice and consent of the Council, brings this petition for a writ of mandamus against the respondent who, on April 7, 1937, was nominated for that office by a succeeding Governor, which nomination was confirmed by the Council on April 14, 1937. The petitioner seeks the issuance of a writ commanding the respondent to cease to act as commissioner of agriculture and to yield the office to the petitioner.

The petition was heard by a single justice of this court on a "statement of agreed facts." He found the facts to be as agreed in the statement and entered an order dismissing the petition, "not as a matter of discretion." The case is here on exceptions of the petitioner to the entry of that order and to the refusal of the single justice to give certain requested rulings.

On March 18, 1937, after due notice to the petitioner, a hearing was held before the Governor on the matter of the petitioner's removal from the office of commissioner of agriculture on charges that he was incompetent, lacked the necessary qualifications and experience and had been guilty of neglect of duty. No member of the Executive Council was present. The petitioner through his attorney seasonably objected in writing to any hearing before the Governor, on the grounds that he was "entitled to a full hearing" before the Council and that "any hearing before . . . [the Governor] is legally superfluous and not a legal incident to the removal from office" of the petitioner, and on the ground that the charges were "insufficient in law for a removal for cause of one who has title to the office of commissioner of agriculture." At the hearing witnesses were called and examined by the Governor's secretary and cross-examined by the attorney for the petitioner. The petitioner declined the invitation of the Governor to testify or to introduce other evidence.

The Governor, on March 31, 1937, sent to the Council a communication stating that he had, that day, subject to the Council's advice and consent, removed the petitioner from the office of commissioner of agriculture on the grounds which are stated above, and that this action of the Governor was submitted to the Council for its advice and consent. At the same time there was read to the Council a written statement of the Governor. It contained a summary of the proceedings and of the evidence at the hearing before the Governor and his findings. This was made a matter of record by the Council. A written statement of the petitioner's attorney was also before the Council at that time. It recited the objection of the petitioner to a hearing before the Governor alone and his desire for a hearing before the Council and stated his contention that the charges made were insufficient in law. The Council by vote declared that its advice and consent were given to the action of the Governor in removing the petitioner from the office of commissioner of agriculture. On April 14, 1937, the respondent was appointed to that office by the Governor with the advice

and consent of Council. He duly qualified and assumed, and since has performed, the duties of that office.

The position of commissioner of agriculture was created, and the duties of the office were defined, by statute: — G. L. (Ter. Ed.) c. 20, §§ 1, 2, 3, 4. The petitioner while holding that office was a public officer. *Malinoski* v. *D. S. McGrath, Inc.* 283 Mass. 1, 9, and cases cited. He was appointed for a term of three years and was entitled to hold the office for that period of time unless "sooner removed in accordance with law." G. L. (Ter. Ed.) c. 30, § 8. It is provided by statute that "Unless some other mode of removal is provided by law, a public officer, if appointed by the governor, may at any time be removed by him for cause, and, if appointed by him with the advice and consent of the council, may be so removed with its advice and consent." G. L. (Ter. Ed.) c. 30, § 9. As no other method of removal of a commissioner of agriculture is provided by law, the petitioner could be removed from that office by the Governor only for cause and with the advice and consent of the Council.

The statute does not expressly provide that the removal of a public officer shall be after a hearing. In this Commonwealth, however, where the statutory ground for the removal is "for cause," the statute is construed as giving to a public officer the right to notice of the charges against him and to an opportunity to be heard on those charges. *Ham* v. *Boston Board of Police*, 142 Mass. 90, 95. *Tucker* v. *Boston*, 223 Mass. 478. *Bailen* v. *Assessors of Chelsea*, 241 Mass. 411, 414. *Corrigan* v. *School Committee of New Bedford*, 250 Mass. 334, 338. See also *McKenna* v. *White*, 287 Mass. 495, 498.

The petitioner had due notice of the charges against him and a hearing before the Governor. It is not contended that there was impropriety in the method in which the hearing was conducted or that he was deprived of an opportunity to be heard or to have witnesses called by him heard.

The "Statement of Agreed Facts" recites that "the only questions open on the record are, first, the sufficiency of the charges and, secondly, whether the removal of the

petitioner under G. L. [Ter. Ed.] c. 30, § 9, could be effected without the Executive Council having heard witnesses." The issues before us are further limited. It was not here contended that the charges were insufficient. The petitioner's brief states that he relies solely on the issue "whether the removal of the petitioner could be effected legally without the Council having heard the witnesses."

The Council is part of the executive branch of the government of the Commonwealth. The Constitution recognizes executive matters of two kinds which may come before the Council. There are matters which must be considered by the Governor and Council acting together as an executive board. See c. 1, § 2, art. 3; c. 2, § 1, art. 4; art. 13 of the Amendments. There are other matters in which the Governor as the supreme executive magistrate is authorized by the Constitution to act with the advice and consent of the Council. See c. 1, § 1, art. 4; c. 2, § 1, art. 8, art. 11. *Opinion of the Justices,* 190 Mass. 616, 618. Very many enactments of the Legislature have given authority to the Governor to act in various specified matters with the "advice and consent of the council." Commonly statutes empowering the Governor to appoint various public officers contain such words, as does the statute authorizing the removal of such officers.

Since the petitioner, a public officer, was "appointed by the governor, with the advice and consent of the council" (G. L. [Ter. Ed.] c. 20, § 2) he might "at any time be removed" by the Governor, for cause, with the Council's "advice and consent" (G. L. [Ter. Ed.] c. 30, § 9). The language of the statute manifests the conception that the removal of a public officer under its provisions is the act of the Governor alone. The required participation of the Council is not as an actor but as a body giving or withholding its sanction to an act of the Governor. Such "act, first of all, and afterwards for all time, is to be the act of the Governor." *Opinion of the Justices,* 190 Mass. 616, 619, 620. *Juggins* v. *Executive Council,* 257 Mass. 386, 389. The responsibility for the removal of a public officer under the statute rests primarily on the Governor. He alone

may initiate the process of removal. A duty is imposed on him as the supreme executive magistrate of the Commonwealth which he cannot share or delegate. He must first reach the conclusion that the interests of the public require the removal of the public officer. The language of the statute does not indicate that he must make that decision concurrently with the Council. In reaching it he may secure information from any source which he deems reliable. Even if he consults with members of the Council before arriving at a conclusion, a removal does not become effective without the later formal sanction of the Council. If the decision of removal has been made by the Governor and communicated to the Council, a duty of that body for the first time arises. Its function has been described as advisory only. *Juggins* v. *Executive Council*, 257 Mass. 386, 389. *Opinion of the Justices*, 211 Mass. 632, 633. All that it may then do is to give or to withhold its approval of the Governor's prior decision. If consent is not given the removal is ineffective. If it is given, the earlier exercise by the Governor of the power of removal becomes operative.

It is not contended by the petitioner that there should have been a hearing before the Governor and the Council jointly, or that the Council in giving its advice and consent to the removal acted in bad faith, or that there was an abuse of discretion by the Council in not complying with the petitioner's request for a hearing before that body. The sole contention is that the petitioner could not legally be removed from office unless witnesses were heard by the Council, before it gave its sanction to the removal of the petitioner. That contention is presented in requests for rulings which were denied.

Since, under the statute, he could be removed from his office only "for cause," the petitioner was entitled to a hearing on the charges formulated, that is, to "an opportunity to be heard in defence or explanation of whatever may be suggested as a cause of removal" in those charges. *Ham* v. *Boston Board of Police*, 142 Mass. 90, 95. The statute places the power to remove a public officer in the Governor. He alone can initiate proceedings for removal.

The act of removal must be the act of the Governor. The petitioner was entitled to a hearing before the Governor, in whom the power of removal is vested. Such a hearing was held. We do not think that he was entitled, as of right, to a second hearing before the Council.

The statute gives to the Council no power to remove a public officer or to institute proceedings for that purpose. No act of the Council can remove a public officer. It has no authority to vote that a public officer should be removed or to declare that he is removed. Its only function is to determine whether it shall give its advice and consent to a prior act of the Governor. The statute gives to the Governor, and not to the Council, the power to remove a public officer.

The statute does not make the Governor and the Council joint actors or equal participants in the removal of a public officer. Their duties are different and are differently expressed. The initial and the final responsibility is placed upon the Governor. What he must have from the Council is its "advice and consent." The "advice and consent" of the Council are also required by statute to the Governor's nomination for appointment of a public officer. In either instance the words "advice and consent" do not fairly yield the inference that before giving or refusing its sanction the Council is compelled to hold hearings and to listen to the testimony of witnesses. The Council in determining whether its advice and consent should be given to the removal of a public officer may adopt any reasonable methods of forming a proper judgment on the matter before it, including, if deemed necessary or desirable, the holding of a hearing at which witnesses are called. We do not think that the statute can reasonably be interpreted to mean that the Council can be compelled to hold such a hearing.

The petitioner relies on *Andrews* v. *King*, 77 Maine, 224. There, a statute provided that a city marshal was, after hearing, removable "by the mayor, by and with the advice and consent of the aldermen" for cause. The court by inference, from the language in the city charter and other statutes, held that a hearing should have been, but was

not, held before the mayor and aldermen, which constituted a board distinct from the board of aldermen. Our statutes make it plain that the functions of the Governor and of the Council with respect to the removal of a public officer are distinct and are to be separately exercised. The language of our statute as to the duty of the Council cannot be construed as requiring a hearing before the Council before it can consent to the removal of a public officer.

The result reached is the opinion of a majority of the court.

*Exceptions overruled.*