June 29, 1953. } No. 4233.

OPINION OF THE JUSTICES.

The following resolution adopted by the Governor and Council assembled in executive session June 15, 1953, was filed in this court June 17, 1953:

"Whereas, certain questions have arisen concerning the manner

and method of expression of approval of the Council in matters of appointment; and

"Whereas, it is necessary that such questions be resolved in order that the Governor and Council may properly continue their constitutional executive function:

"Resolved by the Governor and Council assembled in Executive Session, that the opinion of the Justices of the Supreme Court be respectfully requested upon the following important question of law:

"In matters of appointment of all except constitutional officers, assuming at least a quorum present, where the statute provides that appointment shall be made by either (a) Governor and Council, or (b) the Governor with the advice and approval of the Council, or (c) the Governor with the advice and consent of the Council, or (d) by a state official board or agency subject to the approval of the Governor and Council, is a majority of the votes actually cast sufficient for Council action even if less than the majority of the quorum present vote in the affirmative (or negative) and the remaining members of the Council present abstain from voting?"

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court make the following answer to the inquiry contained in your resolution filed June 17, 1953.

The general rule applicable to the action of legal bodies in this jurisdiction, in the absence of constitutional or statutory direction to the contrary, was stated in the leading case of *Attorney-General* v. *Shepard*, 62 N. H. 383, 384, as follows: "In the absence of express regulation, a proposition is carried in a . . . legislative assembly, by a majority of the votes cast . . . . The exercise of law-making power is not stopped by the mere silence and inaction of some . . . who are present. An arbitrary, technical, and exclusive method of ascertaining whether a quorum is present, operating to prevent the performance of official duty and obstruct the business of government, is no part of our common law . . . the requirement of a quorum at [the time of voting] was not intended to furnish a means of suspending the legislative power and duty of a quorum." See also, *United States* v. *Ballin*, 144 U. S. 1, 8.

And so in *Attorney-General* v. *Bickford*, 77 N. H 433, 434, it was said: "But it is not necessary that the successful candidate should receive a majority of the votes of those present constituting the quorum; a majority of the votes actually cast is sufficient." See also, *Frost* v. *Hoar*, 85 N. H. 442, 443.

No reason is apparent why this rule should not apply to action by the Council in the appointment of officers, other than constitutional officers (Const. Pt. II, *Art.* 46), under statutes providing for appointments by the Governor "with the advice and approval of the Council," or "with the advice and consent of the Council." (Parts (b) and (c) of the question, *supra*). In such cases, the Governor and the Council act independently of each other (*Murphy* v. *Casey*, 300 Mass. 232), and the action of the Council as a body may be taken according to the rule specified.

That a majority of the Council constitutes a quorum may be inferred from the Constitution. *Arts.* 46, 62, *supra.* See also, R. L., *c.* 7, *s.* 15; *Despatch Line of Packets* v. *Bellamy Man. Co.*, 12 N. H. 205, 226. It does not follow however that affirmative action by a majority of the Councilors is necessary to the exercise of the powers of the Council with respect to appointments provided for by statute where its advice, approval or consent is necessary. The powers of the Council reside in the majority, and action taken by any duly convened meeting at which a quorum is present constitutes the action of the Council even though supported by less than a majority of the Council, or less than a majority of the Councilors present, provided a majority of the votes cast support the action. *Attorney-General* v. *Shepard*, *supra*; *Attorney-General* v. *Remick*, 71 N. H. 480, 483.

Thus if Councilors present should choose to remain silent, or otherwise abstain from voting, their action will not defeat the action of those who vote, but will be taken as acquiescence or concurrence in the action supported by the majority of votes cast, whether the same be in the affirmative or negative. *Attorney-General* v. *Bickford*, *supra.* "Silence of a part of the members not voting cannot be counted against the express voice of another part voting." *Richardson* v. *Society*, 58 N. H. 187, 188. See also, 4 McQuillin, Municipal Corporations (3rd *ed.*), *s.* 13.32; 5 Fletcher, Cyc. Corp. (perm. *ed.*), *s.* 2020; *Somers* v. *Bridgeport*, 60 Conn. 521; *First Parish in Sudbury* v. *Stearns*, 21 Pick. (Mass.) 148, 154.

It is contemplated by the Constitution that members of the Council will ordinarily express an opinion or cast a vote one way

or the other, upon matters coming before them in the course of their duties, at least where there is no disqualification to participate. Const., Pt. II, *Arts.* 62-64. If they choose nevertheless to do otherwise, they are in no position to stultify or obstruct the action of others in the performance of official duty. *Attorney-General* v. *Shepard, supra.*

In cases where appointment is to be made by the "Governor and Council," or by an official or agency "subject to the approval of the Governor and Council" (parts (a) and (d) of the question *supra*), the Governor and Council may be called upon to act together as a single board, depending upon the intent of the particular statute. See Const., Pt. II, *Arts.* 60, 62. *Cf. Opinion of the Justices to the Governor and Council,* 211 Mass. 632. But in such a case we are of the opinion that the same rule as to voting should apply, as pertains in the case of action by the Council as an independent body. Consequently your inquiry is answered in the affirmative.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
JOHN R. GOODNOW.

June 29, 1953.