Hillsborough-southern judicial district
No. 2003-484

TOWN OF MERRIMACK

v.

DAVID W. MCCRAY
(NORMAN CARR, INTERVENOR)

Argued: February 11, 2004
Opinion Issued: April 21, 2004

*Boutin & Associates, P.L.L.C.*, of Londonderry (*Edmund J. Boutin* on the brief and orally), for the plaintiff.

*Gottesman & Hollis, P.A.*, of Nashua (*Morgan A. Hollis* on the brief and orally), for the defendant.

*Bolton Law Offices, P.A.*, of Nashua (*Steven A. Bolton* on the brief and orally), for the intervenor.

DALIANIS, J. Norman Carr intervened in the case between the plaintiff, Town of Merrimack (Town), and the defendant, David McCray, on May 16, 2003. Carr appeals the Superior Court's (*Hampsey*, J.) approval of a docket marking agreement between the Town and McCray on June 4, 2003, and its denial of his motion for clarification. We affirm.

On April 20, 2003, the Town and a Town employee initiated a suit against McCray, a Town selectman, seeking injunctive relief and dismissal of McCray because of his alleged disclosure of confidential information. The employee and McCray entered into a settlement agreement, and the employee's motion for voluntary nonsuit with prejudice was granted on April 28, 2003.

On May 7, 2003, the Board of Selectmen for the Town (Board) voted to cease all pending action and litigation against McCray and authorized full payment of McCray's legal bills. All five members of the Board were present for the vote: the proposal was supported by three votes, one of which was McCray's. The remaining two members abstained from the vote. Carr, the intervenor in this case, was one of the abstaining members.

The Town and McCray signed a docket marking agreement with prejudice (agreement) on May 9 and May 12, respectively. On May 16 the agreement was filed in the superior court. Approximately one hour later Carr moved to intervene in the matter because he believed that the Board's vote was invalid, and he sought an *ex parte* temporary restraining order prohibiting payment of McCray's legal fees and expenses by the Town. The trial court permitted Carr to intervene and issued the *ex parte* temporary restraining order.

Carr argues that the superior court erred by approving the agreement between the Town and McCray on June 4, 2003, and by denying his motions to strike the agreement and for reconsideration or clarification. Carr contends that the superior court could not dispose of the case since only two of the three parties agreed to the agreement.

The agreement provided as follows: "Neither Party. No Costs. No Interest. No Attorneys' Fees. No Further Claims for the Same Cause of Action. With Prejudice." This is known as a "neither party" docket marking. Unless "neither party" docket markings "contain some unusual material, Stipulations for Docket Markings are not reviewed or approved by the court and no order is entered on them. The clerk simply makes the entry required, and the case is terminated from the date of the stipulations in accordance with their terms." 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 34.09, at 113 (1998).

■ Carr did not file his motion to intervene until after the Town and McCray had filed their standard "neither party" docket marking with the court. The Town and McCray had reached an authorized settlement agreement, which we have long held to be enforceable "whether made by attorneys in their offices, in the courthouse, or on the courthouse steps." *Bock (Lundstrom) v. Lundstrom*, 133 N.H. 161, 164 (1990); *see also*

*Burtman v. Butman*, 94 N.H. 412, 415 (1947). Thus, the case was already terminated when Carr filed his motion to intervene. Accordingly, his motion was untimely and the trial court erred in making him a party to the case; thus, the trial court did not need Carr's agreement to properly close the case.

Even assuming Carr's intervention was timely and proper, however, the trial court's decision to deny his motion to strike the docket marking is sustainable. Carr argues that the Board's vote to terminate the litigation against McCray was invalid because McCray participated in the vote despite his conflict of interest. Therefore, Carr contends, the stipulation for docket markings as a result of the vote is also void.

■ "A judicial or quasi-judicial act may be voided because of a conflict of interest, but an administrative or legislative act need not be invalidated if the conflicting interest did not determine the outcome." *Appeal of City of Keene*, 141 N.H. 797, 800 (1997) (quotation omitted). The Board's vote on May 7, 2003, was not a judicial or quasi-judicial act, but rather an administrative act. *See id.* at 799-800. Whether or not McCray had a conflict of interest, his participation did not determine the outcome of the Board's vote. Three votes were cast in favor of terminating the litigation against McCray. No vote was cast to continue the litigation; had McCray's vote not counted, the proposal to cease litigation would still have passed by two votes. So long as a majority of the board is present, only a majority of the votes actually cast is necessary to support an action. *See Opinion of the Justices*, 98 N.H. 530, 532 (1953). That members of the Board, including Carr, chose to abstain from voting does not defeat the action of the majority of those who voted. *See id.* Thus, assuming without deciding that McCray had a conflict of interest and should not have participated in the Board's vote, the May 7 vote to cease all pending action and litigation against McCray and authorize legal fees is, nonetheless, valid.

■ Carr next argues that the trial court erred by denying his motion for clarification as to whether the temporary restraining order had been dissolved. Unless extended by the court and absent consent of the opposing party, an *ex parte* temporary restraining order automatically expires within ten days after issuance. *See* SUPER. CT. R. 161(a). Carr contends that the temporary restraining order was converted into a preliminary injunction when the Town "agreed to hold the matter of payment of [legal expenses] in advance [*sic*] until a hearing on the merits or further order." By agreeing to withhold the payment of legal expenses the Town did not consent to extending the *ex parte* temporary restraining order. Nor did the trial court issue an order extending the temporary

restraining order; thus, it had expired after ten days. A preliminary injunction was never issued because the Town's acquiescence in withholding payment made the need for such an injunction unnecessary.

Finally, Carr argues that the trial court's order approving the docket marking and denying his motion for clarification was insufficient because it denied his motion to strike the docket marking agreement "without comment, clarification, or explanation." The order was sufficient, however, because neither party requested findings of fact or rulings of law under RSA 491:15 (1997). *See Hardy v. State*, 122 N.H. 587, 590 (1982).

*Affirmed.*

BRODERICK, C.J., and NADEAU and DUGGAN, JJ., concurred.