# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0690, <u>Town of Woodstock v. Charles Wishart</u>, the court on August 12, 2019, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The appellants, Gerard Miserandino, Sr., Joanne Miserandino, David Burhoe, and Barbara Burhoe, appeal the decision of the Superior Court (<u>MacLeod</u>, J.) denying their motion to intervene in the above-captioned case. They argue that the trial court deprived them of their due process rights under Part I, Article 15 of the State Constitution by denying them a properly-noticed hearing on their motion and requiring them to address the merits of the motion at a hearing on their motion to reconsider.

The record shows that on August 29, 2016, the plaintiff, the Town of Woodstock, filed a complaint against the defendant, Charles Wishart, seeking injunctive relief requiring the defendant to properly maintain a hedgerow on his property and to relocate a fence that the defendant allegedly installed within the town's right of way. The town filed its complaint to address public safety concerns arising from the hedgerow's obstruction of visibility and the fence's obstruction of the town's ability to properly maintain a roadway. On December 7, 2017, more than fifteen months later, the appellants moved to intervene "due to their proximity to the Defendant's property," as a result of which they allegedly "experienc[ed] the greatest inconvenience as a result of the Defendant's . . . actions."

When the appellants filed their motion, they were aware that the parties were in settlement negotiations. On December 28, 2017, three weeks later, the parties signed a settlement agreement, which they filed with the court on January 2, 2018. On February 7, 2018, the court scheduled a March 19, 2018 hearing on the appellants' motion to intervene and the parties' motion to approve the settlement agreement. At the defendant's request, and with the appellants' consent, the court continued the hearing to a later date. Although the appellants received notice of the March 19, 2018 hearing, they did not receive notice of the rescheduled hearing date, apparently due to an oversight by the clerk's office. Following a hearing held on April 23, 2018, the court approved the settlement agreement and denied the motion to intervene.

The appellants moved for reconsideration, arguing that the court erred in denying their motion without providing them with notice of the hearing. On November 7, 2018, the court held a hearing on the motion to reconsider. Prior to the hearing, the appellants contacted the court to determine whether it would instead schedule a new hearing on the motion to intervene. According to the appellants, however, the clerk advised them that the hearing would only address the motion to reconsider.

At the hearing, the appellants' counsel stated that "[w]e move to intervene because we [are] the individuals who'll be most affected by any agreement between the Town and Mr. Wishart." Although the court confirmed that it would "like to . . . address the motion to intervene today," the appellants' counsel asserted that "from a procedural perspective," it would not be "appropriate to hear a motion to intervene today" because the hearing had been scheduled only on the motion to reconsider. The appellants asserted that they would present evidence, including reports from a road conditions expert and a surveyor, at a rescheduled hearing on their motion to intervene. The court stated, however, that "I'm not talking about having a trial, just whether they should be allowed to be in the case." On November 13, 2018, the court denied the motion to reconsider, noting that "[t]o the extent the proposed intervenors claim that they were not prepared on November 7th to address the merits of their request to intervene, the court finds . . . their argument to be specious." The court concluded that the appellants failed to demonstrate that they had rights involved in the case, noting that the parties' settlement "in no way prevents or bars the proposed intervenors from bringing their own action or actions against defendant in an effort to address their nuisance claim or other claims."

On appeal, the appellants argue that the trial court violated their right to due process under Part I, Article 15 of the State Constitution by failing to reschedule the hearing on their motion to intervene after it had been shown that they did not receive notice of the April 23, 2018 hearing. We have held that "[p]arties whose rights are to be affected are entitled to be heard," and that to "enjoy that right they must first be notified." Appeal of Sch. Admin. Unit #44, 162 N.H. 79, 87 (2011) (quotations omitted). However, we have also held that "[a] person who seeks to intervene in a case must have a right involved in the trial and his interest must be direct and apparent; such as would suffer if not indeed be sacrificed were the court to deny the privilege." In the Matter of Stapleford & Stapleford, 156 N.H. 260, 263 (2007) (quotation omitted).

In this case, although the appellants alleged an interest in the case, we agree with the trial court that they failed to demonstrate that their rights were affected. The appellants have not provided us with the town's complaint or the parties' settlement agreement. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250-51 (2004) (appellants must provide record sufficient to decide their issues on appeal); see also Sup. Ct. R. 13. However, they allege that their right

2

to intervene arises from "their proximity to the Defendant's property." At the hearing on their motion to reconsider, their counsel asserted that the Burhoes "live on the other side of" the defendant, and that the Miserandinos live "on the very end" of a dead end road adjacent to the defendant's property. Although they claim to be the persons most affected by the defendant's hedgerow and fence, we conclude that they have failed to provide sufficient factual allegations and legal authorities to show that the court unsustainably exercised its discretion in denying their motion to intervene.

Furthermore, the record shows that the appellants were provided an opportunity to address their motion to intervene at the hearing on their motion to reconsider. Although they assert that they were not prepared to address the merits of the motion to intervene, we are not persuaded. The hearing transcript shows that the appellants addressed the merits of the motion to intervene several times. They also assert that the trial court deprived them of an opportunity to provide evidence to support their motion, including reports from a road conditions expert and a surveyor; however, they provide no legal authority or argument to show that they had a right to an evidentiary hearing, and they fail to show that any such evidence would have been relevant or necessary to address the intervention issue. As the trial court stated, "I'm not talking about having a trial, just whether they should be allowed to be in the case." Because the appellants have failed to show that their rights were affected and that the hearing notice was inadequate, we reject their due process claim. See Appeal of Sch. Admin. Unit #44, 162 N.H. at 87.

Moreover, to prevail on a due process claim, a party must show actual prejudice. McIntire v. Woodall, 140 N.H. 228, 230 (1995). The appellants alleged in their motion to intervene that they have meritorious nuisance claims against the defendant. However, the trial court ruled that "[t]he parties' settlement in no way prevents or bars the proposed intervenors from bringing their own action or actions against defendant in an effort to address their nuisance claim or other claims, nor has the court made any findings or rulings as to the merits of the current case." Accordingly, we conclude that even if the appellants had shown that their due process rights were implicated, their claim would fail nonetheless because they have not shown actual prejudice. See id.

Finally, the appellants argue that the court should have scheduled a separate hearing on their motion to intervene because neither party objected to having such a hearing. The trial court has broad discretion in managing the proceedings before it. In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). We will not disturb the court's decision unless the appellants demonstrate that the court unsustainably exercised its discretion. See id. At the hearing, the town argued that it should be allowed to withdraw from the case because it had resolved its issues with the defendant. The defendant stated that he did "not support the motion to intervene." The trial court found that "intervention in the circumstances would be ill-advised because it would

3

in effect undo the agreement between the plaintiff and defendant." See Town of Merrimack v. McCray, 150 N.H. 811, 812-13 (2004) (motion to intervene untimely when filed after parties reached settlement agreement).  Based upon this record, we conclude that the trial court sustainably exercised its discretion in denying the motion to intervene without a further hearing.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**