PETER B. PINEO & others[1] vs. EXECUTIVE COUNCIL & others.[2]

Suffolk. November 7, 1991. - February 24, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Governor. Council. Open Meeting Law. Constitutional Law*, Governor, Council, Separation of powers.

Meetings of the Executive Council are not subject to the notice require-
ments of the open meeting law, G.L. c. 30A, § 11A ½, in view of the
Governor's discretionary power, conferred by the Massachusetts Consti-
tution, to assemble the Council; moreover, any attempt by the Legisla-
ture to regulate the internal procedures of the Council would violate the
separation of powers provisions of art. 30 of the Massachusetts Decla-
ration of Rights. [34-37]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 31, 1990.

The case was reported to the Appeals Court by *Hiller B.
Zobel*, J., on a statement of agreed facts. The Supreme Judi-
cial Court granted a request for direct review.

*Daniel B. Winslow* for the plaintiffs.

*E. Michael Sloman*, Special Assistant Attorney General,
for the Governor and Council.

*Thomas P. McCusker, Jr.*, for Michael J. McCusker.

*James C. Heigham*, for Newspaper Publishers Association,
amicus curiae, submitted a brief.

---

[1]Harvey B. Robbins and Albert G. Andersen. Andrew M. Lyons and
Michael Mullane were plaintiffs in the original complaint, but are not
plaintiffs for the purposes of the statement of agreed facts. The
Massachusetts Newspaper Publishers Association and Massachusetts Civil
Liberties Union Foundation have submitted separate amicus briefs on
behalf of the plaintiffs.

[2]The Governor and Michael J. McCusker.

*John Reinstein*, for Massachusetts Civil Liberties Union Foundation, amicus curiae, submitted a brief.

*Daniel G. Hurley*, amicus curiae, submitted a brief.

LYNCH, J. The plaintiffs, three registered voters of the Commonwealth, bring this action challenging the failure of the Executive Council (Council) to comply with the notice requirements of the open meeting law. G. L. c. 30A, § 11A ½ (1990 ed.). They claim the Council violated the open meeting law by conducting, without public notice, two public hearings regarding the nomination and confirmation of Michael J. McCusker as clerk-magistrate of the West Roxbury District Court.[3] They have requested an order invalidating the McCusker appointment and requiring the Council to comply with all provisions of the open meeting law. They have also asked for attorney's fees and costs pursuant to G. L. c. 231, § 6F (1990 ed.), in an amount to be determined by the Superior Court on remand. Acting on a joint motion a Superior Court judge reported the case, without decision, to the Appeals Court on the basis of the pleadings, the statement of agreed facts, and exhibits. We granted the plaintiffs' application for direct appellate review. We conclude that the open meeting law does not apply to the Council.

1. *Background.* The Council is a constitutionally created body in the executive branch of government, consisting of the Governor, the Lieutenant Governor, and eight persons elected biennially, whose purpose is to advise the Governor. Part II, c. 2, § 3, art. 1, of the Massachusetts Constitution, as amended by art. 16 of the Amendments. See Part II, c. 2, § 1, arts. 1 and 4, of the Massachusetts Constitution. The Council meetings complained of were called to consider both

---

[3]McCusker was first named as a party defendant, along with all the nominees confirmed by the Council between December 12, 1990, and January 2, 1991, in the plaintiffs' second amended complaint filed March 15, 1991, which was the plaintiffs' third complaint. On March 26, 1991, the plaintiffs filed a notice of dismissal as to these defendants, pursuant to Mass. R. Civ. P. 41 (a) (1) (i), 365 Mass. 803 (1974), leaving only McCusker, the Council, and the Governor as defendants.

judicial and clerk-magistrate nominations. All judicial officers are nominated and appointed by the Governor, "by and with the advice and consent" of the Council. Part II, c. 2, § 1, art. 9, of the Massachusetts Constitution. The office of clerk-magistrate was created by statute. G. L. c. 218, § 8 (1990 ed.). See also G. L. c. 221, §§ 62B and 62C (1990 ed.) (clerks of court given title of magistrate). General Laws c. 218, § 8, provides in part that District Court clerks shall be appointed by the Governor with the advice and consent of the Council.

From the statement of agreed facts we summarize the following facts: The disputed Council meetings occurred on December 26, 1990, and January 2, 1991. Both meetings were open to the public and attended by members of the press, but no notice was filed with the State Secretary or posted with the Executive Office for Administration and Finance as required by the open meeting law.[4] All actions taken by the Council are reflected in the meeting minutes, which were kept at all of the meetings.

On December 26, 1990, the Council convened its regular formal meeting to discuss the nominations of McCusker and several other candidates for judgeships and clerk-magistrate positions. At the December meeting the Council lacked a quorum. At that meeting McCusker called five witnesses who testified in support of his nomination. Another witness spoke in opposition to his nomination.

The plaintiffs subsequently learned of the December meeting when one of them read a newspaper account of the hearing. The plaintiffs petitioned the Council to reconvene the hearing regarding the McCusker nomination and presented supporting affidavits and documents. The petition was circu-

---

[4]General Laws c. 30A, § 11A ½ (1990 ed.), provides in pertinent part: "Except in an emergency, a notice of every meeting of a governmental body subject to this section shall be filed with the secretary of state, and a copy thereof posted in the office of the executive office for administration and finance at least forty-eight hours, including Saturdays but not Sundays and legal holidays, prior to the time of such meeting."

lated to the members of the Council; however, the Council denied the petition.

On January 2, 1991, a quorum of the Council met to consider the nominations discussed at the December meeting. The meeting was open to members of the press and the public who were present. McCusker's previous opposition witness and two of the plaintiffs were also present. When one of the plaintiffs attempted to voice his concerns about the lack of public notice and the McCusker nomination, he was declared out of order. The Council then voted to confirm several nominees, including McCusker.

It is clear that the Council did not comply with the notice requirements of the open meeting law in passing on the nomination of McCusker. Relying on the Council's noncompliance with the open meeting law, the plaintiffs' complaint sought an order compelling the Council to comply with the open meeting law at future meetings and invalidating the McCusker appointment.

2. *Applicability of the open meeting law to the Council.* In order for the open meeting law to apply the Council must be a governmental body as that term is used in G. L. c. 30A, § 11A (1990 ed.).

That statute defines "[g]overnmental body" as "a state board, committee, special committee, subcommittee or commission, however created or constituted within the executive . . . branch of the commonwealth . . . ."[5] At first blush,

---

[5]General Laws c. 30A, § 11A (1990 ed.), provides: " 'Governmental body', a state board, committee, special committee, subcommittee or commission, however created or constituted within the executive or legislative branch of the commonwealth or the governing board or body of any authority established by the general court to serve a public purpose in the commonwealth or any part thereof, but shall not include the general court or the committees or recess commissions thereof, or bodies of the judicial branch, or any meeting of a quasi-judicial board or commission held for the sole purpose of making a decision required in an adjudicatory proceeding brought before it, nor shall it include the board of bank incorporation and the General Insurance Guaranty Fund."

General Laws c. 30A, § 11, inserted by St. 1958, c. 626, § 2, expressly exempted the Council. Statute 1975, c. 303, § 1, rewrote § 11, adding the definition of "[g]overnmental body," and eliminating the exemption of the

this definition appears to include the Council since the Council has been characterized as a "board," *Scullin v. Cities Serv. Oil Co.*, 304 Mass. 75, 78-79 (1939), and acting together with the Governor as an "executive board," *Murphy v. Casey*, 300 Mass 232, 235 (1938). In addition, the phrase "however created or constituted" seems to comprehend the Council's establishment under the Constitution. Part II, c. 2, § 3, art. 1, of the Massachusetts Constitution.

Nevertheless, despite this apparent linguistic fit with the statutory definition, the Council is not governed by the provisions of the statute. "The Council is a body created by the Constitution 'for advising the governor in the executive part of government . . . .' " *Scullin*, *supra* at 78, quoting Part II, c. 2, § 3, art. 1, of the Massachusetts Constitution. This court has also said, "The Council is *part* of the executive branch of the government of the Commonwealth" (emphasis added). *Murphy v. Casey*, *supra*. "Nowhere in the Constitution are any duties conferred upon the Council, except such as they are to perform in conjunction with the Governor, either approving or disapproving his acts or joining with him as an executive board." *Answer of the Justices*, 214 Mass. 602, 604 (1913). See *Scullin*, *supra* at 78 (Council acts with Governor or alone as "recognized official executive or advisory board"); *Opinion of the Justices*, 190 Mass. 616, 618 (1906) (Constitution recognizes Council as executive board whether acting in conjunction with the Governor or giving advice and consent to the Governor's actions). Regardless of the statutory language or the legislative intent, as part of the constitutionally created executive branch, the Council's power to hold its meetings flows from the Constitution and not from legislative authority.[6] The Constitution provides

Council. The plaintiffs claim that these statutory changes are the unequivocal expression of the legislative intent to bring the Council within the ambit of the open meeting law.

[6]Since the issue is not raised in the plaintiffs' brief, we decline to address the argument in the brief of one of the amici curiae claiming a distinction between the Council's statutory appointment power and constitutional appointment power. See *Wellfleet v. Glaze*, 403 Mass. 79, 80 n.2 (1988).

that the Council meets at the discretionary call of the Governor. "The governor shall have authority from time to time, at his *discretion*, to assemble and call together the councillors . . . and the governor with the said councillors, or five of them at least, *shall*, and *may*, from time to time, hold and keep a council . . ." (emphasis added). Part II, c. 2, § 1, art. 4, of the Massachusetts Constitution. "There shall be a council for advising the governor in the executive part of government, . . . whom the governor, for the time being, shall have *full power* and *authority*, from time to time, at his *discretion*, to assemble and call together" (emphasis added). Part II, c. 2, § 3, art. 1, of the Massachusetts Constitution.[7]

The Constitution twice confers in clear and direct language this discretionary power on the Governor. Nowhere does the Constitution require the Governor to give any notice for calling the Council or holding Council meetings. It does not otherwise prescribe the manner in which the Governor is to call Council meetings nor does it establish the procedure for conducting meetings.[8] Neither does it grant any power to the Legislature so to prescribe. Cf. Part II, c. 3, art. 4, of the Massachusetts Constitution (Legislature appoints time and places for holding Probate Court). Consequently, in light of such an unequivocal constitutional grant of full power and authority, and in absence of any contrary constitutional directive, we conclude that the Governor's discretionary power to assemble the Council includes the power to determine the manner for calling Council meetings, including any notice the Governor chooses to give, and to delineate the time, place, and manner of conducting such meetings. Furthermore, any attempt by the Legislature to regulate the internal

---

[7]By letter dated February 25, 1991, the Governor informed the Attorney General that he had instructed the Administrative Secretary to the Council to comply with G. L. c. 30A, § 11A ½, in regard to notice and scheduling of future meetings of the Council.

[8]Within the Constitution, the only procedural limitation on the conduct of the Council's meetings is the requirement that its actions are to be recorded in a register. Part II, c. 2, § 3, art. 5, of the Massachusetts Constitution.

procedures of the Council runs afoul of the separation of powers provisions of art. 30 of the Declaration of Rights of the Massachusetts Constitution.[9] Article 30 is violated when one branch of government intrudes in the internal function of another. *Clerk of the Superior Court for the County of Middlesex* v. *Treasurer & Receiver Gen.*, 386 Mass. 517, 525 (1982). In *Paisner* v. *Attorney Gen.*, 390 Mass. 593 (1983), we determined that, since the House and Senate have the constitutional authority to order their own internal procedures, such proceedings were not subject to the initiative petition process contained in art. 48 of the Massachusetts Constitution. *Id.* at 600-601. Since the Governor and the Council form the executive branch of government, any legislative attempt to regulate the manner in which Council meetings are held would be an intrusion in the internal functioning of the executive department. Moreover, the powers of the Governor and Council bestowed by the Constitution include the power to determine the Council's own rules of procedure and other internal matters. See *Paisner* v. *Attorney Gen., supra.* We conclude, therefore, that the open meeting law is inapplicable to the manner in which the Council conducts its meetings as a matter of constitutional law.

3. *Attorney's fees and costs.* Finally, both the plaintiffs and McCusker have requested attorney's fees and costs pursuant to G. L. c. 231, § 6F, in an amount to be determined by the Superior Court on remand. We deny the requests for attorney's fees and costs.

---

[9]Article 30 of the Declaration of Rights of the Massachusetts Constitution provides: "In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: the judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men."