## MORTON D. BERENSON *vs.* COMMISSIONER OF REVENUE.

Suffolk. November 4, 1992. - December 17, 1992.

Present: WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Taxation*, Sales and use tax, Personal liability of corporate officer, Interest and penalties. *Interest.*

In a proceeding before the Apellate Tax Board in which the plaintiff, the corporate officer responsible for paying a corporation's sales taxes to the Commonwealth, sought to secure an abatement of certain corporate sales taxes for which he had been found personally liable, the board correctly concluded that the plaintiff was also personally liable for the the penalties and interest on the corporation's unpaid sales taxes from the date of the assessment of the tax to the corporation. [832-833]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court granted a request for direct appellate review.

*Leo J. Cushing* for the plaintiff.

*Donna L. Palermino*, Assistant Attorney General, for the Commissioner of Revenue.

*William E. Halmkin & Donald W. Parker*, for Poloron Products, Inc., amicus curiae, submitted a brief.

NOLAN, J. The issues in this case are whether the plaintiff, the corporate officer who is responsible for paying the corporate sales taxes, may be held personally liable for the penalties and interest on unpaid sales taxes and, if so, whether interest runs from the statutory due date of the taxes. We hold that the decision of the Appellate Tax Board (board) that the plaintiff is personally liable for the penalties and interest from the date of the assessment of the tax to the corporation is correct.

From a joint agreed statement of facts, we learn that the plaintiff was president and treasurer of M. Berenson Com-

pany, Inc. (corporation), and the person responsible for paying sales taxes to the Commonwealth.

Following an audit of the corporation for the period January, 1981, to August, 1983 (inclusive), the defendant commissioner issued an assessment of a sales tax deficiency in the amount of $18,477.97, excluding penalties and interest. The assessment, including penalties and interest, amounted to $45,934.68 as of September 11, 1988. The corporation appealed and, following abatements, the amount remaining unpaid was $13,704.13, including interest and penalties, as of April 9, 1990. At the time of the filing of the agreed statement of facts in January, 1991, the corporation had been out of business for over two years.

A notice of determination of personal liability was sent to Berenson on June 5, 1990. He filed an application for abatement which was denied on August 31, 1990. The plaintiff appealed from this denial. The board heard the appeal and found for the commissioner. The plaintiff appealed to the Appeals Court. We granted his application for direct appellate review.

A logical starting point is G. L. c. 64H, § 16 (1990 ed.), which imposes personal liability on the officer of a corporation whose duty it is to pay the sales taxes. There is no dispute that Berenson was such person in the corporation, and Berenson concedes that he is liable for the tax. He contests his personal liability only for the penalties and interest. However, § 16 refers to personal liability for "any sums" due the commissioner. Penalties and interest are sums due the commissioner.

Furthermore, "[t]ax" is defined in G. L. c. 62C (1990 ed.), as "any tax, excise, *interest, penalty*, or addition to tax" (emphasis supplied). G. L. c. 62C, § 1. The provisions of G. L. c. 62C, § 31A, specifically impose personal liability on Berenson. The regulation adopted (see G. L. c. 62C, § 3) to implement § 31A expressly imposes personal liability on Berenson for interest and penalties. 830 Code Mass. Regs. § 62C.31A.1 (1989).

Interest accrued from the date of the assessment against the corporation. This is the clear import of G. L. c. 62C, § 32. There is no tenable basis for Berenson's argument that interest should run from the date of the commissioner's notice of determination of personal liability because, as the board points out in its order, "the Legislature intended to treat interest, penalties, and other additions to taxes in the same manner as the taxes themselves." See *Commissioner of Revenue* v. *Molesworth*, 408 Mass. 580, 582 (1990).

Lastly, Berenson argues that G. L. c. 62C, § 31A, and the accompanying regulation are being applied retroactively and, therefore, unconstitutionally. This argument cannot withstand the plain language of § 31A. Section 31A was inserted by St. 1985, c. 593, § 17. Chapter 593 was later amended by St. 1986, c. 488, § 65, which provided that § 31A applied "to all state taxes remaining unpaid on or after its effective date," December 18, 1985. Clearly, the taxes and, therefore, the interest and penalties on them remained unpaid after December 18, 1985, and remain unpaid today. Accordingly, there has been no retroactive application. The date of determination of Berenson's personal liability is hardly material.

For all these reasons, the decision of the board is affirmed.[1]

*So ordered.*

---

[1]We do not consider a procedural due process argument that only the amicus curiae has raised. See *Pineo* v. *Executive Council*, 412 Mass. 31, 35 n.6 (1992).