**In re Jane M. CRECCO, Debtor.**

**Bankruptcy No. 92–15741–JNF.**

United States Bankruptcy Court,
D. Massachusetts.

Sept. 22, 1993.

Mary T. Cummings.

David Woods.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. INTRODUCTION

The matter before the Court is the "Debtor's Objection to Proof of Claim of Commonwealth of Massachusetts Department of Revenue." The Court conducted a hearing on the Debtor's objection on July 9, 1993. At the conclusion of the hearing, the Court ordered the parties, Jane M. Crecco (the "Debtor") and the Massachusetts Department of Revenue (the "DOR"), to file an Agreed Statement of Facts and briefs by August 27, 1993. The parties have complied with the Court's bench order.

### II. AGREED STATEMENT OF FACTS

The parties submitted the following Agreed Statement of Facts.

1. A Massachusetts corporation by the name of LeGourmet, Inc. operated a business for the years 1989 to 1991, in which it was required to withhold meals tax and withholding taxes and pay them over to the Department of Revenue.

2. The amounts set forth in the Department of Revenue's claim reflect these taxes.

3. On April 10, 1992, the Department of Revenue indicated its intention to hold the debtor responsible for the payment of these taxes.

4. On May 15, 1992, at a hearing held in Hyannis, MA, the debtor conceded she was the person responsible, and a finding was so made.

5. On June 2, 1992, the debtor filed the instant Chapter 13 petition.

6. The Department of Revenue's claim breaks down to three separate items:

(a) Meals and withholding tax withheld but not turned over to the. Department of Revenue ($11,626.73);

(b) The penalty for failure to turn over those funds ($2,791.03);

(c) Interest in the amount of $5,251.95, calculated at the rate of 18% on item (a).

## III. ISSUE

The only issue in dispute is whether the DOR's claim for prepetition interest is entitled to the same priority as the underlying tax from the date of assessment against the corporation, as the DOR contends, or whether it is merely an unsecured claim, as the Debtor contends.

## IV. DISCUSSION

■ Section 1322(a) of the Bankruptcy Code requires a Chapter 13 Plan to provide for "the full payment, in deferred cash payments, of all claims entitled to priority under section 507 ... unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Section 507, in turn, provides in pertinent part:

(a) The following expenses and claims have priority in the following order: ...

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity; ...

(G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss....

11 U.S.C. § 507(a)(7)(C), (G).

In support of her argument that pre-petition interest on the DOR's tax claim is not entitled to priority, the Debtor contends that interest is in fact a penalty because the statutory rate exceeds the amount of reasonable compensation for pecuniary loss. Moreover, the Debtor asserts that interest may accrue only from the date that her personal liability was assessed.

The DOR maintains that pre-petition interest is entitled to priority from the time Le-Gourmet, Inc. was assessed in 1990 and 1991, not at the later point in time when the Debtor's personal liability was determined.[1] The DOR relies upon *Berenson v. Commissioner of Revenue*, 413 Mass. 831, 604 N.E.2d 704 (1992), a case in which the Supreme Judicial Court determined that the personal liability of a corporate officer for pre-petition interest and penalties ran from the date of assessment against the corporation.

This Court has not been presented with and cannot find any legitimate basis for departing from the statutory scheme and the overwhelming weight of authority. The Court concludes that, whether pre-petition interest on unpaid taxes is considered part of the underlying claim or a penalty intended to compensate the government for the loss of the use of tax money, it is entitled to the same priority treatment under section 507(a)(7)(C) or (G). In *In re Garcia*, 955 F.2d 16 (5th Cir.1992), the Court of Appeals for the Fifth Circuit stated:

Virtually every court that has considered the issue ... has held that pre-petition interest shares equal priority with the underlying tax debt, although the various courts have based their decision upon differing rationales.

*Id.* at 19. The *Garcia* court ruled that "... prepetition interest on the tax liability seems to fit snugly within section 507(a)(7)(G)." *Id.* at 18. The Court of Appeals for the Seventh Circuit in *In re Larson*, 862 F.2d 112, 119 (7th Cir.1988), observed that since prepetition interest is part of the underlying tax claim, it is entitled to the same priority status.

■ With respect to the issue of when interest begins to accrue, the Court finds no reason to depart from the holding in *Berenson* that the personal liability of a corporate officer is determined as of the date of assessment against the corporation. Accordingly,

---

1. Mass.Gen.Laws Ann. ch. 62C, § 31A provides: If a person fails to pay to the commissioner any required tax of a corporation or partnership and such person is personally and individually liable therefor to the commonwealth under section five of chapter sixty-two B, section seven B of chapter sixty-four G, section sixteen of chapter sixty-four H or section seventeen of chapter sixty-four I, the commissioner shall so notify such person in writing at any time during the period of time that such assessment against the corporation or partnership remains in existence and unpaid, ... such person shall be personally and individually liable for the tax of the corporation or partnership, which shall be deemed to be assessed against such person. Mass.Gen.Laws Ann. ch. 62C, § 31A (West 1988).

interest accrues from the original assessment date against LeGourmet, Inc.

## V. CONCLUSION

The Debtor has the burden of persuasion with respect to her objection to the DOR's claim. She has failed to meet that burden. Accordingly, the Court overrules her objection and allows the DOR's claim in the amount of $5,251.95 for pre-petition interest as an unsecured priority claim.

### ORDER

In accordance with the Memorandum dated September 22, 1993, the Court hereby overrules the Debtor's objection to the Proof of Claim filed by the Massachusetts Department of Revenue and allows the Department of Revenue's claim for pre-petition interest in the amount of $5,251.95 as an unsecured priority claim.