NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11625

 MICHAEL J. McCARTHY & another[1] vs.  THE GOVERNOR & another.[2]



April 7, 2015.



Governor.  Council.  Constitutional Law, Governor.  Secretary of the Commonwealth.  Judge.  Jurisdiction, Equitable.



The plaintiffs, Michael J. McCarthy and Mary-Ellen Manning, filed a complaint in the county court in July, 2013, against the Governor and the Secretary of the Commonwealth, seeking to establish that McCarthy had been nominated, confirmed, and appointed to a Massachusetts judgeship in 2012, and that he is therefore entitled to a commission for that office.[3]  The plaintiffs alleged, in part, that when the Governor "nominates" a candidate for judicial office, the nominee automatically is "appointed" without further gubernatorial action when a majority of the Executive Council's members records its advice and consent to the nomination.  The plaintiffs alleged that that is what happened here.  They further alleged that the Governor, once a nominee has been confirmed by the Council, is required to sign a commission, and that the Secretary of the Commonwealth is

_____

[1] Mary-Ellen Manning, a former member of the Executive Council.

[2] Secretary of the Commonwealth.

[3] Michael J. Albano, a current member of the Executive Council, was also named as a plaintiff in the complaint.  He is not a party to this appeal.

obligated to issue the commission, but that the Governor and the Secretary failed to perform these duties in McCarthy's situation. The plaintiffs sought relief in the nature of mandamus, declaratory relief, and, in the alternative, equitable relief.

A single justice of this court allowed the Governor's and the Secretary's motion to dismiss. The plaintiffs appeal. We affirm the judgment of the single justice.

<u>Background</u>. On August 23, 2012, the Governor nominated McCarthy for the position of Associate Justice in the Southern Berkshire Division of the District Court Department. The Executive Council held a hearing on McCarthy's nomination on September 19, 2012, and the Council's members voted on it at their next weekly meeting, on September 26, 2012. Three councillors voted in favor of the nomination, three councillors voted against the nomination, and one councillor, plaintiff Mary-Ellen Manning, abstained.[4] The nomination thus failed to garner the necessary votes for confirmation. Although the Council met again on October 10 and 17, 2012, it took no further action concerning the McCarthy nomination at those meetings. However, on October 17, Manning, who had initially abstained from voting, delivered a letter to the Governor stating that she now "advise[d] in favor of and consent[ed] to the appointment of" McCarthy, and that the "Council Register will so reflect." Neither the Governor nor the Secretary took any further steps concerning McCarthy's August 23, 2012, nomination in response to Manning's letter.

On January 3, 2013, the Governor resubmitted McCarthy's nomination to the Council, for the same judicial position. The Council considered this second nomination at its meeting on February 13, 2013. Again the nomination failed to garner the votes needed for confirmation. The Governor, accordingly, thereafter sent a letter to the Council stating that he considered the matter closed. On February 21, 2013, however, notwithstanding the adverse vote on his second nomination, McCarthy appeared before two commissioners authorized to administer oaths and purported to take the oath of office as an Associate Justice of the Southern Berkshire District Court. McCarthy apparently took the position, as he now claims in this action, that his first nomination had resulted in his successful

---

[4] The Governor presided over the September 26, 2012, meeting. The Lieutenant Governor was not in attendance.

appointment to the judgeship.  For that he relies on Manning's letter to the Governor on October 17, 2012, outside of the formal hearing and voting process, which he claims was a valid vote in his favor and the final vote needed for his confirmation.

The Governor has never signed, and the Secretary has never issued, a commission to McCarthy.

Discussion.  The Governor is charged under the Massachusetts Constitution with the "obligation to nominate and appoint all judicial officers, subject to the advice and consent of the Executive Council."  Opinion of the Justices, 461 Mass. 1205, 1207 (2012).[5]  The Constitution contemplates that the Governor both "nominate" and "appoint" each candidate for judicial office.  The nomination is separate and distinct from the appointment.  Among other things, an appointment can occur only after the advice and consent of the Executive Council.  See Opinion of the Justices, 210 Mass. 609, 611 (1912).  See also Marbury v. Madison, 5 U.S. (1 Cranch) 137, 155 (1803).  The nomination comes first chronologically in the sequence, followed by the advice and consent of the Council, and then the appointment by the Governor.

It is wholly within the Governor's power and discretion to decide whom to nominate.  See Opinion of the Justices, 461 Mass. at 1212.  As we have said, however, the Governor's power to appoint is subject to the advice and consent of the Council.  An appointment may occur only if the Council "shall approve of it, and take affirmative action which fairly may be called advising it."  Id., quoting Opinion of the Justices, 190 Mass. 616, 620 (1906).  That said, even if the Council consents to a nomination, the decision whether to appoint remains the Governor's prerogative.  He must take some affirmative act "on the advice and consent of the [Council] to his own nomination," Marbury v. Madison, supra at 157, in order to effectuate the appointment.  See Juggins v. Executive Council, 257 Mass. 386,

_____

[5] Specifically, Part II, c. 2, § 1, art. 9, of the Constitution of the Commonwealth provides:

"All judicial officers . . . shall be nominated and appointed by the governor, by and with the advice and consent of the council; and every such nomination shall be made by the governor, and made at least seven days prior to such appointment."

389 (1926) ("Whether the Governor takes advice or not, his conclusion must rest finally upon his own judgment").

The Governor's appointment of an individual to judicial office becomes effective "when the last act to be done by the [Governor is] performed." Marbury v. Madison, supra. See 1 Op. Attorney Gen. 140, 141 (1894). At a minimum, this requires that the Governor communicate unequivocally his determination, informed by the Council's advice and consent, to exercise the power of appointment. Rep. A.G., Pub. Doc. 12, at 96 (1972) ("Appointment occurs, of course, when the Council has given its advice and consent to the nomination and the judicial commission has been issued" [emphasis added]). The appointment, like the nomination, is highly discretionary, and it is for the Governor and the Governor alone to decide. There is nothing ministerial about the Governor's decisions to nominate and appoint. Contrast Rep. A.G., Pub. Doc. 12, at 107 (1984) (describing Secretary's role in judicial appointment process; stating that Secretary "functions in a . . . ministerial manner with respect to gubernatorial appointments"). As stated in Opinion of the Justices, 190 Mass. at 619-620, when the Governor has the power to act, "[t]he act, first of all, and afterwards for all time, is the act of the Governor."

There is nothing in the record before us to suggest that the Governor took action to appoint McCarthy to the vacant judgeship at any time. To the contrary, the evidence is that the Governor did not proceed with an appointment in any fashion after the vote of the Council on McCarthy's first nomination on September 26, 2012, or after Manning's letter on October 17. Instead, he resubmitted the nomination to the Council. Likewise, after the Council's vote on the second nomination, the Governor indicated that he considered the matter closed. Thus, even if we were to assume for the sake of discussion, as the plaintiffs argue, that the votes of the councillors at the September 26 meeting, supplemented with Manning's purported vote by letter to the Governor on October 17, combined to constitute the requisite "advice and consent" and the required number of votes in favor of McCarthy's nomination, we conclude nevertheless that McCarthy did not validly obtain a judgeship.[6,7]

---

[6] Michael J. McCarthy's unilateral act of reciting the oath of office before persons qualified to administer oaths (see G. L. c. 30, § 11) did not transform the situation and somehow create a valid "appointment" where there was none. Where the Governor does not make an appointment, no valid commission can

Moreover, the Constitution "discloses the intent [of the framers] that the Council shall act in a formal manner upon matters coming before it." Scullin v. Cities Serv. Oil Co., 304 Mass. 75, 78-79 (1939). See Answer of the Justices, 461 Mass. 1201, 1203-1204 (2012) ("The Massachusetts Constitution requires the Council to perform its duties with appropriate formality"). The requisite level of formality for confirmation of a nomination was missing here. At the meeting on September 26, 2012, at which the Council voted on McCarthy's first nomination, the formal vote -- three in favor, three opposed, and one abstention -- was insufficient to confirm his nomination. Manning's subsequent attempt to cast a vote, by her letter to the Governor three weeks later, on October 17, 2012, occurred outside the Council's formal meeting and voting process. Indeed, there appears to have been no formal action of any kind by the Council -- no further meeting, discussion, or vote -- on McCarthy's first nomination after the September 26 meeting and vote. Although the Governor and Council may promulgate rules of procedure to govern the hearing and voting process, see Pineo v. Executive Council, 412 Mass. 31, 37 (1992), no such rules have been brought to our attention, let alone a rule that would authorize a post hoc change in the duly recorded votes to occur by a letter to the Governor outside the formal process. In the absence of a valid rule authorizing such a procedure, we cannot conclude that Manning's purported vote was proper.

The single justice was correct to dismiss the complaint. Regardless of his reason, the Governor took no action to effectuate a judicial appointment. Neither an action for mandamus nor an action seeking declaratory relief will lie against the Governor. Milton v. Commonwealth, 416 Mass. 471, 475 (1993). Further, the court's equitable powers may not be used to provide relief that is contrary to statutory or constitutional requirements. Haverty v. Commissioner of Correction, 440 Mass. 1, 8 (2003), quoting Immigration & Naturalization Serv. v. Pangilinan, 486 U.S. 875, 883 (1988) ("Courts of equity can no more disregard statutory and constitutional requirements and constitutional provisions than

issue and the purported taking of the oath is an empty gesture. Rep. A.G., Pub. Doc. 12, at 109 & n.6 (1984).

[7] The Governor and the Secretary have suggested that this appeal is moot because the Governor later nominated and (with the Council's advice and consent) appointed another individual to the judgeship sought by McCarthy. We do not agree that the appeal is moot.

can courts of law").  Although, in appropriate circumstances, mandamus and declaratory relief are available against the Secretary, this case does not present such circumstances.  The Secretary cannot be compelled to act where he had no legal duty to do so.  See G. L. c. 30, § 12 (Secretary is empowered to issue commission only to "[a] person appointed to an office by the governor").  Where the Governor did not act to appoint McCarthy after the Council's proceedings, the Secretary could not issue a valid commission to McCarthy.

Conclusion.  The single justice correctly declined to grant the requested declaratory relief, relief in the nature of mandamus, and equitable relief, and properly dismissed the plaintiffs' complaint.

Judgment affirmed.

Raipher D. Pellegrino for the plaintiffs.
Jo Ann Shotwell Kaplan, Assistant Attorney General, for the Commonwealth.
Michael C. Walsh, pro se, amicus curiae, submitted a brief.