NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1477

ELEFTHERIA SOILEMEZOGLOU & another[1]

vs.

NATASHA VASSERMAN & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

As paternal grandparents, Eleftheria and Antonios Soilemezoglou (petitioners), filed a petition in 2023 in the Probate and Family Court for visitation with the child.  Having previously adopted the child in 2019, the maternal grandparents, Natasha and Yuriy Vasserman (respondents), moved to dismiss the petition.  Following hearings over two days, a judge (motion judge) concluded that the petitioners lacked standing and dismissed the petition.  We affirm.

Accepting the allegations in the petition as true, we discern no set of facts supporting the petitioners' claim for

_____

[1] Antonios Soilemezoglou.

[2] Yuriy Vasserman.

relief. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008); Sayre v. Aisner, 51 Mass. App. Ct. 794, 796 (2001). In 2017, the child's mother died when the child was just eight months old. Just before the child's fourth birthday in 2019, a Juvenile Court judge issued a decree approving the adoption of the child by the respondents pursuant to G. L. c. 210, § 6. The child's father died two years later in 2021. In 2023, the petitioners filed their petition for visitation in the Probate and Family Court. They alleged that a significant relationship existed between them and the child and further alleged that visitation would be in the child's best interest. Following a hearing, the motion judge dismissed the petition because the petitioners lacked standing due to the finality of the adoption decree.

Applying de novo review, we conclude that the respondents lack standing. "There is no common law right to grandparent visitation." Enos v. Correia, 38 Mass. App. Ct. 318, 323 n.11 (1995). In 1972, the Legislature established the right of grandparents in certain circumstances to seek visitation with minor children. See G. L. c. 119, § 39D, added by St.1972, c. 631. Amended several times since then, the statute expressly prohibits visitation rights where the child has been adopted, as in the circumstances presented here:

2

"No such visitation rights shall be granted if said minor child has been adopted by a person other than a stepparent of such child and any visitation rights granted pursuant to this section prior to such adoption of the said minor child shall be terminated upon such adoption without any further action of the court."

G. L. c. 119, § 39D. Because the record before us indicates that the Juvenile Court judge allowed the respondents' petition seeking adoption of the child and issued a final adoption decree, G. L. c. 210, § 6, we see no basis for the petitioners to obtain the relief that they seek under the plain language of G. L. c. 119, § 39D. We offer no opinion with respect to the Juvenile Court proceedings that led to the adoption as that matter is not before us on this record.

We disagree with the petitioners' contention that the Probate and Family Court's equity jurisdiction supersedes any limitations established by G. L. c. 119, § 39D, or G. L. c. 210, § 6. "[E]quitable powers may not be used to provide relief that is contrary to statutory or constitutional requirements." McCarthy v. Governor, 471 Mass. 1008, 1011 (2015). A "grant of equitable powers does not permit a court to disregard statutory requirements." Freeman v. Chaplic, 388 Mass. 398, 406 n.15 (1983). We recognize that a statute's silence cannot be said to limit a court's equity power, but we are not faced with such a situation. See, e.g., E.N.O. v. L.M.M., 429 Mass. 824, 827 n.4, cert. denied, 528 U.S. 1005 (1999) (statute granting visitation

3

rights to grandparents does not preclude "visitation between a child and one who is not a legal parent" under equity jurisdiction).  Here, the equity power of the Probate and Family Court is unavailing where the visitation right that the petitioners seek is expressly foreclosed by statute.

<u>Judgment affirmed</u>.

By the Court (Hand, Hodgens &
  Tan, JJ.[3]),

Clerk

Entered:  November 24, 2025.

---

[3] The panelists are listed in order of seniority.